PS/CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWARD MIGHTY,

        Petitioner,

-v-                                                15-CR-06109 FPG
                                                   ORDER
USA,

        Respondent.

_____

## INTRODUCTION

On April 9, 2021,[1] the Petitioner, Edward Mighty, acting *pro se*, filed a Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255. ECF No. 194 ("Motion to Vacate"). He argued that his trial counsel had been constitutionally ineffective and his right to a speedy trial had been violated. ECF No. 194 at 5-21. Upon preliminary review, *see* Rule 4, Rules Governing Habeas Corpus Petitions, 28 U.S.C. § 2255, the Court found that the Motion to Vacate was filed beyond the one-year limitations period provided in 28 U.S.C. § 2255. ECF 195.[2] Prior to dismissing the Motion to Vacate as time-barred, the Court ordered Petitioner to show cause why his Motion to Vacate should not be dismissed as untimely. ECF No. 195 at 1, 3-4.

In response to the order to show cause, Petitioner filed a Response, ECF No. 196 ("Response"), two Supplement/Continuation of Exhibits, ECF Nos. 197, 200, and an Affirmation

---

[1] *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (Summary Order) ("[W]e have never required prisoners to provide affidavits of service to verify when they give documents to prison officials. Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of signing.") (collecting cases).

[2] Familiarity with the prior order and the basis of the Court's finding that the Motion to Vacate is untimely, ECF 195, is presumed and will not be re-stated herein unless necessary for an understanding of this Order.

1

of an Attorney (Donald Thompson), ECF No. 198 ("Thompson Aff.").[3] He has also filed a Motion for Immediate Release from Custody based on the alleged unconstitutional conviction and sentence. ECF No. 199 ("Motion for Release"). Petitioner and Mr. Thompson submit, *inter alia*, that based on an injury suffered on September 7, 2019, which significantly limited Petitioner's mobility and prevented him from ambulating to the law library at FCI Elkton, and the subsequent COVID-19 outbreak at FCI Elkton in January 2020 and resultant lockdown, the statute of limitations should be equitably tolled and the Motion to Vacate permitted to proceed. Response at 1-2; Thompson Aff. ¶¶ 10-14. For the reasons that follow, the Court will direct the government to respond to the Motion to Vacate, including, but not limited to, any argument in opposition to Petitioner's request that the Court equitably toll the statute of limitations, and the Motion for Release.

## DISCUSSION

Both Petitioner and Mr. Thompson argue that based on Petitioner's physical limitations caused by a knee injury suffered during a flag football game in prison on September 7, 2019 and a subsequent and significant COVID-19 outbreak and lockdown at FCI Elkton in January 2020,[4] the statute of limitations should be equitably tolled thereby allowing him to proceed with the Motion to Vacate. Response at 1-3; and Thompson Aff. ¶¶ 10-14. Petitioner states that he suffered a knee injury on September 7, 2019 and x-rays initially showed a broken knee cap. An MRI was ordered but it did not occur until November 6, 2019. The MRI showed a meniscus tear and possible ACL tear. Between the date of the injury and December 2019, Petitioner was in extreme pain,

---

[3] Petitioner asserts that he had retained Mr. Thompson on October 22, 2019, after the affirmance of his conviction, to challenge or appeal his conviction, ECF No. 196 at 2. Mr. Thompson's Affirmation does not state whether he was retained by Petitioner and he has not formally appeared in this proceeding. ECF No. 198.

[4] The Response states the outbreak occurred in January *2019*; the Court presumes this is a typographical error. Petitioner believes he contracted the virus and became very ill with flu-like and respiratory symptoms for months despite testing negative months later. ECF No. 196 at 1-2.

2

prescribed pain medication and on bed rest. He could not ambulate from his second-floor housing unit and across the FCI Elkton compound to the law library to prepare a § 2255 Motion. Response at 1.

Despite the pain and physical limitations, Petitioner claims that, following his appeal, he continued to challenge his conviction based on the alleged ineffective representation of his trial counsel and sought compassionate release in this Court. *Id.* at 1-2. Petitioner had spoken to his trial counsel about securing affidavits from him to support his efforts to challenge his conviction and had retained new counsel to pursue those efforts. On May 15, 2020, he filed a Motion for Compassionate Release, ECF No. 180, which was denied on July 17, 2020. ECF No. 191. On March 19, 2021, he filed an Emergency Motion for Reconsideration of the Order denying his Compassionate Release Motion. ECF No. 192. On March 22, 2021, the Court denied the Motion and noted that, since it appeared that Petitioner may also be seeking to challenge the legality of his original sentence, the Clerk of Court should forward to Petitioner a form § 2255 Motion to Vacate, Set Aside or Correct Sentence. ECF No. 193. Petitioner asserts that since he received the form motion from the Court, he believed there was no limitation on his filing of a § 2255 motion. ECF No. 196 at 2-3.

In January 2020, FCI Elkton suffered a significant outbreak of what was later discovered to be COVID-19. The prison was one of the "first" and "worst" prisons in the country, with over "90%" of staff and inmates contracting the virus. *Id.* at 1-2; *see also* Thompson Aff. ¶ 13 (there were nine deaths, and 815 inmates and 95 staff tested positive) (citation omitted)). The prison was locked down with "rolling lockdowns" of inmates and closure of the law library and other resources for the past 14 months. Response at 1-2; Thompson Aff. ¶ 13.

A habeas petitioner seeking relief under §§ 2254 and 2255 may secure equitable tolling of the statutory limitations period in certain "rare and exceptional circumstance[s]." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks omitted); *see Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner must establish that (a) "extraordinary circumstances" prevented him from filing a timely petition, and (b) he acted with "reasonable diligence" during the period for which he now seeks tolling. *Smith*, 208 F.3d at 17. "We have established only a limited number of circumstances that may merit equitable tolling, such as where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary, and where prison officials intentionally obstruct a petitioner's ability to file his petition by confiscating his legal papers[.]" *Doe v. Menefee*, 391 F.3d 147, 159-60 (2d Cir. 2004) (citing *Baldayaque v. U.S.*, 338 F.3d 145, 152 (2d Cir. 2003); *Valverde v. Stinson,* 224 F.3d 129, 133–34 (2d Cir. 2000)).

To establish extraordinary circumstance, a habeas petitioner must show something more than a "garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline." *Holland*, 560 U.S. at 651-52 (citations and internal quotation marks omitted). Mere ignorance of the law or a lack of access to legal assistants has repeatedly been found not to constitute extraordinary circumstances. *See Bowman v. Walsh*, No. 07-CV-3586 (BMC), 2007 WL 2815711, at *2 (E.D.N.Y. Sept. 25, 2007) (collecting cases).

When determining what constitutes "extraordinary" circumstances, the Second Circuit has observed that "the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008). Here, while the Court may be inclined to find that the circumstances of Petitioner's injury and the lockdown (and other restrictions) necessitated by the COVID-19 outbreak at FCI

4

Elkton are "extraordinary" and sufficient to equitably toll the limitations period, *see Maury v. Davis*, No. 2:12-cv-1043 WBS DB, 2020 WL 3065934, at *2 (E.D. Cal. Apr. 21, 2020) (granting equitable tolling with no objection from the respondent to the court's conclusion that, "[t]he emergence of the COVID-19 pandemic and the resulting restrictions on social interactions and travel certainly qualify as an extraordinary circumstance") (citing *Cowan v. Davis*, No. 1:19-cv-00745-DAD, 2020 WL 1503423 (E.D. Cal. Mar. 30, 2020) (granting motion for equitable tolling of the habeas statute of limitations based on COVID-19)); *see also Harris v. Farris*, Case No. CIV 20-282-RAW-KEW, 2021 WL 2292212, *2-3 (E.D. Okla. May 27, 2021) (petitioner asserted that "other federal courts have granted equitable tolling of AEDPA's statute of limitations to death-sentenced habeas petitioners based on the COVID-19 pandemic"), it is not so inclined at this time to conclude that Petitioner diligently pursued his rights both before and during the period he seeks to toll.  Notably, Petitioner did file, albeit by a "paralegal," a Motion for Compassionate Release in May 2020, ECF Nos. 180 and 196 at 2, and a Motion for Reconsideration in March 2021, ECF No. 192.

Accordingly, the Court finds that it is not in a position to determine *sua sponte* whether it should equitably toll the statute of limitations, *see* Rule 4, Rules Governing Section 2255 Cases in the United States District Courts, 28 U.S.C. § 2255, and it will direct Respondent to file a response to both the Motion to Vacate and Motion for Release.

**ORDER**

IT IS HEREBY ORDERED, in accordance with Rules 4 and 5 of the Rules Governing § 2255 Cases in the United States District Courts, that Respondent shall file and serve an answer to the Motion to Vacate, ECF No. 194, and Motion for Release, ECF No. 199, no later than **45 days from entry of this Order**.  The Answer shall respond to the allegations in both Motions,

including, but not limited to, any argument in opposition to Petitioner's request that the Court equitably toll the statute of limitations, and shall state whether Petitioner has used any other available federal remedies including any prior post-conviction motions under these rules or those existing before the adoption of the present rules, and whether Petitioner received a post-conviction evidentiary hearing in a federal court; and it is further

ORDERED that, in addition to the Answer, Respondent also file and serve by the above date a memorandum of law addressing each of the issues raised in the Motion to Vacate and Motion for Release and including citations of relevant supporting authority; and it is further

ORDERED that within 20 days of receipt of the Answer, Petitioner may file a written reply to the Answer and memorandum of law; and it is further

ORDERED that within 20 days of the date this Order is filed with the Clerk of Court, Respondent may file a motion for a more definite statement or a motion to dismiss the Motion to Vacate, accompanied by appropriate exhibits which demonstrate that an answer to the Motions is unnecessary; and it is further

ORDERED that the Clerk of Court is directed to serve a copy of the Motion to Vacate and Motion for Release, ECF Nos. 194 and 199, together with a copy of this Order, upon the United States Attorney for the Western District of New York, 100 State Street, Rochester, New York 14614.

IT IS SO ORDERED.

Dated: July 13, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court