IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

EDWARD MIGHTY,

        Petitioner,

                                                  15-CR-6109-FPG
    v.                                       21-CV-6324-FPG

UNITED STATES OF AMERICA,

        Respondent.

## GOVERNMENT'S RESPONSE TO MOTION FOR RELEASE

The United States of America, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and Robert A. Marangola, Assistant United States Attorney, of counsel, hereby makes and files its response to the defendant's motion for release. (Dkt. No. 199). For the reasons set forth below, the motion should be denied.

### PROCEDURAL HISTORY

On August 31, 2015, the defendant, Edward Mighty, waived indictment and pled guilty pursuant to a written plea agreement to a two-count Information which charged conspiracy to possess with intent to distribute, and to distribute, 5 kilograms or more of cocaine and 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The parties agreed that the appropriate disposition of this case would be a sentence within the sentencing guideline range of 300 to 322 months. Pursuant to the terms of the agreement, Mighty waived his right to appeal or collaterally attack any sentence that was

below the 322 months.

On June 8, 2017, almost two years after entering the guilty pleas, Mighty, represented by new counsel, filed a motion to withdraw the guilty pleas on the basis that he was denied effective assistance from his first defense attorney. This Court denied the motion, noting that Mighty was adequately represented and finding that his guilty pleas were entered knowingly and voluntarily.

On September 7, 2017, Mighty was sentenced to an aggregate term of imprisonment of 300 months. The Court noted that because he was sentenced within the parameters of the plea agreement, Mighty had waived his right to appeal. The Judgment was entered September 12, 2017.

On September 11, 2017, Mighty filed a timely notice of appeal. He argued that his guilty pleas were not knowing and voluntary due to the ineffective assistance of trial counsel. In a Summary Order dated December 20, 2018, the Second Circuit Court of Appeals declined to hear the claim as the record was insufficiently developed and dismissed it without prejudice to Mighty raising the claim pursuant to 28 U.S.C. § 2255.

On April 9, 2021, more than two years after his conviction became final, Mighty filed a motion under 28 U.S.C. § 2255. (Dkt. No. 194). Noting the motion was filed beyond the one-year period of limitations set forth in Section 2255, this Court directed Mighty to respond why his motion should not be time-barred. (Dkt. No. 195). In his response, Mighty argued that he was unable to file within the time restrictions due to (1) an injury that prevented him from ambulating to the law library at the institution in which he was incarcerated; and (2) the restrictions resulting from the COVID-19 outbreak and resultant lockdown. (Dkt. Nos. 196, 197).

Mighty subsequently filed two supplements to his motion claiming that his attorney was not properly admitted to practice in federal court in the Western District of New York, and a motion for bail under the Bail Reform Act. (Dkt. Nos. 199, 200, 205).

The government has filed a motion to dismiss the Section 2255 motion arguing that it should be deemed untimely, and that Mighty failed to establish the existence of an extraordinary circumstance or that he was diligently pursuing his legal rights as required to equitably toll the time for filing the motion. (Dkt. No. 209/210). The government also responded to the motion for bail, arguing that the Bail Reform Act does not apply to motions for bail during the pendency of a Section 2255 habeas corpus petition. (Dkt. No. 209/210).

The government hereby submits its response to the motion for immediate release from custody (Dkt. No. 199) pursuant to this Court's order of July 13, 2021. (Dkt. No. 203).

## PROCEDURAL HISTORY RELEVANT TO THIS MOTION

A criminal complaint against Mighty and others was filed on February 13, 2015 charging violations of 21 U.S.C. §§ 846, 841(a)(1) and 843(b) and 18 U.S.C. §§ 924(c)(1)(A), 924(o) and 2. At his initial appearance, Mighty indicated that he would be retaining Teodore Siguenza, Esq. to represent him. (*See* Docket Entry dated February 17, 2015, docket sheet attached hereto as Exhibit 1). At the continuation of the initial appearance/status of counsel hearing held on February 20, 2015, Mr. Siguenza appeared pro hac vice as retained counsel for Mighty. (*See* Docket Entry dated February 20, 2015). The next court proceeding, a status conference, was held on May 28, 2015. Michael Pattison, Esq., an attorney who was part of Mr. Siguenza's firm, appeared with Mighty.

Mr. Siguenza was admitted to practice in federal court for the Western District of New York in June 2015. *See* Exhibit A to Mighty's motion, Dkt. No. 199. Thereafter, until he was

relieved as counsel on December 19, 2016, Mr. Siguenza appeared at court proceedings as retained counsel for Mighty.

## ARGUMENT

Mighty filed a motion for immediate release from custody based on a miscarriage of justice and misconduct by Mr. Siguenza as he was not licensed and admitted to practice in federal court for the Western District of New York until June 2015. He argues that all representation and legal proceedings from February 20, 2015 until June 2015 were in violation of law.

First, Mr. Siguenza is currently, and was at the time of his representation of Mighty, licensed to practice law in the state of New York. Second, the Local Rules for the Western District of New York permit an attorney not admitted to practice in the Court to appear as counsel for a defendant. Rule 44 of the Local Rules of Criminal Procedure reads in pertinent part:

RULE 44

ATTORNEY ADMISSION, APPEARANCE, AND STUDENT PRACTICE

(a) All rules related to attorney admission to practice, attorneys of record … are found in L.R.Civ.P. 83.1 … which are incorporated by reference into these Local Rules of Criminal Procedure.

*See* L.R.Crim.P. 44.

Rules 83.1 of the Local Rules of Criminal Procedure reads in pertinent part:

RULE 83.1

ATTORNEY ADMISSION TO PRACTICE

To be eligible for permanent admission to practice in this Court as a "Member of the bar of this Court", an attorney must either: (a) be a member in

> good standing of the bar of the United States District Court for the Southern, Eastern, or Northern Districts of New York; (b) be admitted to practice before the courts of New York State; or (c) be a member in good standing of any United States District Court and of the bar of the State in which the District Court is located.
>
> * * *
>
> (d) Pro Hac Vice Admission. An attorney who is not eligible for permanent admission under the foregoing provisions, or an attorney who, though eligible, does not wish to become a permanent Member of the bar of this Court, may be admitted pro hac vice to participate in a particular matter in which they are engaged. An applicant for admission pro hac vice must fully complete, and file with the Court, all documents listed in subdivision (b)(1)-(5), along with submitting to the Clerk of Court a check or money order in the amount of the pro hac vice fee set forth in the District Court Schedule of Fees. The Court, in its discretion, will issue an order granting or denying the petition.

*See* L.R.Civ.P. 83.1. Upon information and belief, Mr. Siguenza appeared pro hac vice for Mighty on February 20, 2015.[1] Until he was admitted to practice in this Court in June 2015, Mr. Siguenza arranged to have a substitute attorney appear for Mighty. Moreover, Mighty entered his guilty plea on August 31, 2015, two months *after* Mr. Siguenza was formally admitted to practice in this Court. Thus, there was no violation of law nor any misconduct on the part of Mr. Siguenza in his representation of Mighty, let alone any that impacted the knowing and voluntary nature of Mighty's guilty plea.

Further, the Second Circuit has held,

> …the inadvertent failure to comply with the rules governing the admission to the bar of the district court 'in no way causes(s) any infringement of appellant's constitutional rights nor does it justify any inference that counsel was not in every way competent to represent the appellant …'

*United States v. Moher*, 445 F.2d 584, 584-85 (2d Cir. 1971)(quoting *United States v. Bradford*,

---

[1] The government has requested an affidavit from Siguenza, but at the time of the filing of this response, the government has not received such affidavit. Accordingly, the government is limited in the arguments it may make in response regarding this issue.

238 F.2d 395, 397 (2d Cir. 1959).  In addressing an ineffective assistance claim, the Court has stated, "[t]he *per se* rule does not apply where any attorney is not admitted in the jurisdiction of the criminal proceeding but is licensed elsewhere…" *Elfgeeh v. United States*, 681 F.3d 89, 93 n.2 (2d Cir. 2012).  Again, Mr. Siguenza was a licensed, competent attorney throughout the period he represented Mighty.  Mighty's claim that Mr. Siguenza was not licensed is meritless, as is his claim that his representation was in violation of law.

Put simply, Mr. Siguenza was a licensed attorney practicing in the state of New York when he represented Mighty on February 15, 2015 at his initial appearance/status conference. Mighty's claims of constitution violations, violations of law, and misconduct are completely meritless.

## **CONCLUSION**

For the foregoing reasons, the United States of America respectfully requests that the motion for release be denied in its entirety.

DATED:  Rochester, New York, November 24, 2021.

        Respectfully submitted,

        TRINI E. ROSS
        United States Attorney

By:   s/ Robert A. Marangola
      ROBERT A. MARANGOLA
      Assistant United States Attorney
      United States Attorney's Office
      Western District of New York
      100 State Street, Suite 500
      Rochester, New York 14614
      (585) 399-3980
      Robert.Marangola@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

EDWARD MIGHTY,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

15-CR-6109-FPG
21-CV-6324-FPG

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2021, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system.

I hereby certify that I have mailed the foregoing, by the United States Postal Service, to the following non-CM/ECF participant:

Edward Mighty
Reg. No. 23485-055
FCI Elkton
P.O. Box 10
Lisbon, OH  44432

                                            s/Theresa B. Weir