UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWARD MIGHTY,

                                   Petitioner,                    15-CR-6109-FPG
                                                                             21-CV-6324-FPG

v.

                                                                                    DECISION AND ORDER

UNITED STATES OF AMERICA,

                                   Respondent.
_____

      On April 15, 2021, *pro se* Petitioner Edward Mighty moved to vacate his conviction pursuant to 28 U.S.C. § 2255. ECF No. 194. On December 22, 2021, the Court granted the government's motion to dismiss the petition as untimely. ECF No. 217. Petitioner filed a notice of appeal. ECF No. 219. In an order dated June 9, 2022, the Second Circuit dismissed Petitioner's appeal. ECF No. 223. On October 13, 2022, the Court received from Petitioner an "Emergency Motion" seeking "immediate release from custody." ECF No. 224 at 1. Citing 18 U.S.C. § 3742(a) as the vehicle for his motion, *see id.*, Petitioner challenges the Court's denial of his habeas petition. For the reasons that follow, Petitioner's motion is DENIED.

      Petitioner has not identified an appropriate mechanism by which he can challenge the Court's prior ruling. Petitioner cites Section 3742(a), but that provision sets forth the grounds on which a defendant "may file a notice of appeal . . . for review of an otherwise final sentence"; it does not entitle Petitioner to challenge a denial of his habeas petition in the district court. 18 U.S.C. § 3742(a).

      Regardless, it could be argued that Federal Rule of Civil Procedure 60 is a proper vehicle for Petitioner's challenge. Rule 60(b) identifies circumstances in which a district court "may relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). The Second Circuit has held that relief under Rule 60(b) "is available with respect to a previous habeas

proceeding [] when the Rule 60(b) motion attacks the integrity of the habeas proceeding," rather than the "underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004).

However, Petitioner would not be entitled to relief even if the Court were to construe his motion as one brought under Rule 60(b).

First, Petitioner asserts several previously raised challenges to his underlying conviction, rather than his habeas proceeding. *See id.* For example, Petitioner argues that his counsel was not properly admitted, ECF No. 224 at 4-5, that he was not indicted or charged properly, *id.* at 9, and that the Speedy Trial Act was not followed, *id.* at 11. Insofar as Petitioner is raising these arguments to challenge his conviction, such arguments are denied "as beyond the scope of Rule 60(b)." *Harris*, 367 F.3d at 82.

Second, to the extent Petitioner challenges the Court's ruling on his habeas petition, his motion lacks merit. Petitioner argues that the Court incorrectly applied 28 U.S.C. § 2255(f)(4), which sets the start of the one-year limitations period as "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner claims that, in finding his petition untimely under subsection (f)(4), the Court overlooked evidence in the record—specifically, a February 2020 letter from this Court which, in Petitioner's view, proves that his counsel was not properly admitted in this district. *See* ECF No. 224 at 5, 18. Petitioner asserts that, pursuant to subsection (f)(4), the limitations period did not begin until he received that document. *See id.* at 5.

It is true that Rule 60(b)—in particular, subsection (b)(1)—is available for a court "to correct legal errors," including when the court has "overlooked certain parties' arguments or evidence in the record." *Olsen v. Steris Corp.*, No. 17-CV-4522, 2019 WL 3948022, at *2 (E.D.N.Y. Aug. 21, 2009); *see also* Fed. R. Civ. P. 60(b)(1) (stating that a court may grant relief on the basis of "mistake, inadvertence, surprise, or excusable neglect"). But the Court did not

2

overlook the February 2020 letter—it was simply immaterial. Petitioner cannot reasonably argue that he only became aware of a potential issue concerning his counsel's admission status upon his receipt of the February 2020 letter. *See* ECF No. 217 at 4. This is because, at his September 2017 sentencing, Petitioner was already claiming that his counsel was "not qualified to [] practice in this jurisdiction." ECF No. 174 at 5. At most, the February 2020 letter "support[ed] or strengthen[ed]" Petitioner's pre-existing claim that his counsel was not properly admitted, which is insufficient to trigger subsection (f)(4). *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (collecting cases); *see also Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) ("[The petitioner] is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim.").

Third, Petitioner implies that it is unfair that the Court dismissed his petition as untimely, while at the same time granting the government several extensions to respond to the petition. *See* ECF No. 224 at 7. These are two distinct issues, however. This Court has the "inherent power and responsibility to manage [its] docket[]," which includes the power to issue and modify briefing schedules based on "its sound discretion." *S.E.C. v. Aronson*, 665 F. App'x 78, 80 (2d Cir. 2016) (summary order) (internal quotation marks omitted). The Court has no similar discretion in applying the statutory limitations period set forth in Section 2255(f). *Cf. United States v. Wright*, 945 F.3d 677, 684 (2d Cir. 2019).

For these reasons, Petitioner's "Emergency Motion" (ECF No. 224) is DENIED.

IT IS SO ORDERED.

Dated: October 20, 2022
       Rochester, New York

                                                HON. FRANK P. GERACI, JR.
                                                United States District Judge
                                                Western District of New York